(121 App. Div. 499.)

STATE LINE TELEPHONE CO. v. ELLISON, Com'r, etc., et al.

(Supreme Court, Appellate Division, Second Department. October 4, 1907.)

1. EMINENT DOMAIN—COMPENSATION—PROPERTY SUBJECT TO COMPENSATION—PUBLIC PROPERTY.

Laws 1893, p. 317, c. 189, Laws 1883, p. 666, c. 490, and Laws 1877, p. 512, c. 445, provide that in the taking of land by New York City for its water supply the city may take the land in adjacent highways also, for sanitary reasons, but only to care for such highways and hold them in trust for the public use as highways. Transportation Corporations Law, Laws 1890, p. 1152, c. 566, § 102, grants leave, as to the state, to telephone companies to construct and maintain their fixtures over or under any public road, street, or highway. *Held* that, the city of New York having acquired a highway under chapters 189, 490, and 445, supra, the leave granted by section 102 applied, and hence the city was not entitled to compensation for its use by a telephone company.

2. SAME.

That the city of New York also owned abutting land was immaterial, since compensation, when made to abutting owners, is for the land in the highway, and not the abutting land.

Appeal from Special Term, Westchester County.

Action by State Line Telephone Company against William B. Ellison, as commissioner of water supply, gas, and electricity of the city of New York, and another. From an order denying its motion to restrain defendants from interfering with the maintenance by plaintiff of its telephone poles and wires on a highway in Putnam county, plaintiff appeals. Reversed, and motion granted.

Argued before HIRSCHBERG, P. J., and HOOKER, RICH, MILLER, and GAYNOR, JJ.

Frank B. Vermilya and William D. Veeder, for appellant.
I. J. Beaudrias, for respondent.

GAYNOR, J. By Transportation Corporations Law, Laws 1890, p. 1152, c. 566, § 102, leave is granted by the state to telegraph and telephone companies to construct and maintain their fixtures "over or under any of the public roads, streets and highways." This is full permission without compensation so far as the state can give it. Where, however, the fee of the highway belongs to the abutting owners, instead of being in the state, or any of its political subdivisions or bodies politic, compensation to such owners has to be made for the easement taken by such companies. Eels v. Am. Tel. & Tel. Co., 143 N. Y. 133, 38 N. E. 202, 25 L. R. A. 640. In the taking of land in Putnam county for its water supply, the city of New York is permitted to take the land in the adjacent highways also, for sanitary reasons, but only to care for such highways and hold them in trust for the public use as highways. Chapter 445, p. 512, Laws of 1877; chapter 490, p. 666, Laws of 1883; chapter 189, p. 317, Laws of 1893. The highway over which the plaintiff seeks to run its telephone wires on poles was acquired by the city in that way. It follows that the section of the transportation corporations law already cited applies to it. To say that inasmuch as the city owns the abutting land also it is entitled to compensation may be specious, but not enough so to be misleading. That the city owns the abutting land does not make a difference, for the compensation, where it has to be given, is not given for the abutting land, but for the land in the highway, and here none can be exacted for the land in the highway, by reason of the leave granted by the statute. People v. Kerr, 27 N. Y. 188.

The order should be reversed, and the motion granted.

Order reversed with $10 costs and disbursements, and motion granted, with costs. All concur.